IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS MAYBERRY, #280818          *
a/k/a BEL SABLE NAPOLEAN,
                                  *

          Plaintiff,
                                  *

     v.                                    CIVIL NO. WDQ-11-2215
                                  *

J. PHILIP MORGAN ,
                                  *

          Defendant.

                              *****

## MEMORANDUM

Carlos Mayberry, an inmate at the Western Correctional Institution ("WCI"), sued Warden J.

Philip Morgan, alleging that he was not safe with his cellmate and should have been placed in a

single cell. Pending is Morgan's unopposed[1] motion to dismiss or for summary judgment, which

will be treated as a motion for summary judgment. No hearing is necessary. *See* Local Rule 105.6.

(D. Md. 2011). For the following reasons, Morgan's motion will be granted.

I. Background[2]

Mayberry is serving a sentence of life plus twenty years for first-degree murder, conspiracy to

commit murder, and felony use of a handgun. David M. Bittinger Decl., ECF No. 13, Ex. 2 at ¶ 4.

---

[1] Plaintiff has filed motions for appointment of counsel and for leave to file an amended complaint. ECF Nos. 15 & 17. Both motions will be denied. Mayberry has failed to show exceptional circumstances warranting the appointment of counsel. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds, Mallard v U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Mayberry has also failed to show that "justice . . . requires" this Court to allow him to amend his complaint, five months after Morgan's motion for summary judgment, to include new allegations about his transfer to the North Branch Correctional Institution in May 2012 and his inability to retain a book on prostitution. *See* Fed. R. Civ. P. 15. Mayberry is free to file a separate complaint with those claims.

[2] Had Mayberry presented any evidence in response to Morgan's motion for summary judgment, his evidence would have "be[en] believed, and all justifiable inferences [would have] be[en] drawn in his

On September 9, 2009, he was transferred to WCI after he assaulted staff at another facility. *Id.*

On September 14, 2009, mental health counselor R. Shane Weber interviewed Mayberry at WCI. R. Shane Weber Decl., ECF No. 13-1, Ex. 3 at ¶ 3. Mayberry claimed to have been treated in the past for schizophrenia and psychosis, and demanded a single cell. *Id.* Weber could not verify Mayberry's claim, and recommended that Mayberry remain in his current housing and return for treatment as needed. *Id.*

On October 30, 2009, Weber interviewed Mayberry again. Weber Decl. ¶ 3. Mayberry demanded a single cell because of his alleged mental health history and became hostile when his request was denied. *Id.* Weber again recommended that Mayberry remain in his current housing location and receive follow-up care as needed. *Id.*

On January 6, 2010, Weber attended a disciplinary segregation review and found Mayberry's mental health status to be within normal limits. Weber Decl. ¶ 3.

From March 2010 through April 2011, Mayberry received numerous infractions. Rodney O. Likin Decl., ECF No. 13-1, Ex. 4 at ¶ 4. On June 17, 2011, Mayberry assaulted his cellmate, Darryl Stokes. Likin Decl. ¶ 4. Stokes is now a documented enemy of Mayberry's, and the two men will no longer be housed together. *Id.*

On August 10, 2011, Mayberry filed a 79-page complaint under 42 U.S.C. § 1983. Although difficult to decipher, the complaint appeared to allege that Mayberry was not safe with Stokes, and Mayberry should be provided a single cell due in part to his diminutive size. He accused Stokes of being a threat to his business interests and said that Stokes committed "extortion" and punched him in the eye in a June 2011 assault. Mayberry sought both compensatory and punitive damages

---

favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

against Stokes.

On August 16, 2011, Weber interviewed Mayberry at Special Observation Housing, where Mayberry was placed after writing two letters threatening self-harm. Weber Decl. ¶ 3. During the interview, Mayberry reported no active threats of self-harm but said he needed a single cell to complete his legal work. *Id.* Weber told Mayberry he was not entitled to a single cell. *Id.*

On September 8, 2011, Mayberry filed a court-ordered supplemental complaint. ECF No. 7. This rambling document complained about Mayberry's administrative remedy process and discussed a so-called "rite of passage" at the Jessup Correctional Institution ("JCI"), the nightmarish dreams and hallucinations he has experienced, and prison officials' refusal to refer him to a psychiatrist for medication for his psychoses and schizophrenia. *Id.* He complained that he was being housed with a much larger cellmate who is a former gang member and with whom he does not feel safe. *Id.*

On October 14, 2011, Mayberry told Weber that he needed a single cell because "his religious beliefs contribute[d] to his difficulty of getting along with his cell partners." Weber Decl. ¶ 3. Mayberry had symptoms of mild paranoia and delusional scheme and was referred to the psychiatric clinic for a second opinion and possible medication. *Id.* He was diagnosed with schizotypal personality disorder. *Id.*

On October 20, 2011, Mayberry told his case manager, David M. Bittinger, that four other inmates were enemies. Bittinger Decl. ¶ 4. Mayberry could provide no verification. *Id.* He told Bittinger that he was "just looking to find a way to obtain a single cell." *Id.*

On October 21, 2011, Mayberry began sharing a cell with Elwood Green. Likin Decl. ¶ 5. Mayberry has not had any reported problems with Green. *Id.*

On November 7, 2011, Mayberry was seen by Dr. Stephen C. Schellhase for anxiety. ECF

No. 13-1, Ex. 5 at 3. Dr. Schellhase found no signs of psychosis, mania, or suicidal or homicidal ideation. *Id.*   Mayberry insisted that he receive medication and a single cell. *Id.* at 4. Dr. Schellhase found no need for medication and determined that Mayberry was malingering in order to get a single cell. *Id.*

Weber has declared that Mayberry "is continuously attempting to take any angle available to achieve his goal of obtaining a single cell." Weber Decl. ¶ 4.  Rodney O. Likin, WCI's special confinement unit manager, has found no records of medical, psychiatric, or safety concerns that warrant placing Mayberry in a single cell.  Likin Decl. ¶ 5.

On January 6, 2012, Morgan filed his motion for summary judgment.  ECF No. 13. Mayberry has not opposed the motion.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 56(a), "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The Court should "view the evidence in the light most favorable to . . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  However, the Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims

4

and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).   "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [his] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

   B.  Morgan's Motion

   Morgan argues that Mayberry has failed to establish a deprivation of any constitutional or statutory right as required for relief under § 1983.  ECF No. 13-1 at 10-11.

   Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights. 42 U.S.C. § 1983. It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

   Liberally construed, Mayberry's complaint accuses WCI officials of "deliberate indifference to a substantial risk of serious harm" to him, in violation of the Eighth Amendment.  Deliberate indifference in the context of a prisoner failure-to-protect claim requires a plaintiff to show that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302-303 (4th Cir. 2004);  *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997).

5

Under Fourth Circuit law, liability under the *Farmer* standard requires two showings. First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. *See Rich v. Bruce,* 129 F.3d 336, 340 n.2 (4th Cir.1997). It is not enough that the officers *should have* recognized it; they actually must have perceived the risk. *Id.* Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." *Id.* As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official must have actually recognized that his actions were insufficient. *See Brown v. Harris,* 240 F.3d 383, 390-91 (4th Cir. 2001). Further, to state a claim for damages, the inmate must show a serious physical injury. *See De Lonta v. Angelone*, 330 F. 3d 630, 634 (4th Cir. 2003); *see also Babcock v. White*, 102 F.3d 267, 272-73 (7th Cir. 1996).

Mayberry has failed to present any evidence that WCI staff were deliberately indifferent by failing to protect him from Stokes. Until June 2011, there was no record that Mayberry had problems with his former cellmate. After Mayberry assaulted Stokes on June 17, 2011, Stokes was added to Mayberry's enemy list, and the two men are no longer housed together.[3]

Mayberry has also failed to present any evidence that WCI staff were deliberately indifferent by denying him a single cell and psychotropic medication. Although an inmate has an Eighth

---

[3] Likin Decl. ¶ 4.  To the extent that Mayberry brings his claim for damages against Stokes, that claim must fail.  His former cellmate is not a state actor subject to § 1983 liability. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Amendment right to be free from deliberate indifference to serious psychiatric needs,[4] Mayberry has failed to show that his psychiatric needs have been denied. An inmate is entitled to psychiatric treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Bowring*, 551 F.2d at 47. The *Bowring* court further held that the right to such treatment depends on medical necessity, not mere desire. *Id*. at 48.

The record shows that Mayberry has been periodically examined by a doctor and mental health counselor who have concluded that there was no medical, psychiatric, or security rationale for placing Mayberry in a single cell at WCI or prescribing psychiatric drugs. Thus, Mayberry has failed to present any evidence of deliberate indifference, and Morgan is entitled to judgment as a matter of law.

III. Conclusions

For the reasons stated above, Morgan's motion for summary judgment shall be granted. A separate Order follows.

Date: 6/15/12

William D. Quarles Jr.
United States District Court Judge

---

[4] *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977).